MARGARET HASKIN, ADMINISTRATRIX, (ESTATE OF JOHN HASKIN) *vs.* WILLIAM J. MULLIGAN.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued February 8th—decided March 28th, 1933.

*DeLancey S. Pelgrift,* for the appellant (defendant).

*J. Gregory Lynch,* with whom was *James M. Lynch,* for the appellee (plaintiff).

PER CURIAM. The plaintiff's decedent was killed by being struck by an automobile driven by the defendant, and from the refusal of the trial court to set aside a verdict in favor of the plaintiff the defendant has appealed. The jury might reasonably have found the following facts: The accident occurred on a stormy and foggy night when visibility was very poor. The defendant's lights permitted him to see only thirty or forty feet ahead but did cast light ten to fifteen feet to the side of the car. He was traveling at thirty miles an hour through a thickly settled part of the city of Waterbury and the accident occurred near a street intersection. There were double trolley tracks in the street. The plaintiff's decedent was crossing the street when he was struck by the left front fender of the defendant's car.

There was only one witness who testified that he

actually saw the accident. He stated that the plaintiff's decedent had reached a point between the car tracks and had stopped there to let the defendant's car pass. The defendant attacks this testimony upon the ground that it is shown to be incorrect because of the position in which the defendant's car was after the accident, which was fixed by undisputed testimony. But this claim overlooks the testimony of this witness that, after striking the decedent, the car skidded some distance before it stopped, and also the entirely reasonable inference which the jury might have drawn from the speed at which it was traveling upon a wet pavement, that it must have gone some distance before actually stopping. Even if this witness was mistaken as to the exact point of the accident, this would not render nugatory his other testimony. If the jury accepted his testimony as true in other respects, as they might do, they could reasonably have found that the defendant could have seen the plaintiff's decedent in the street in time to have avoided striking him.

The jury could reasonably have concluded that the defendant was negligent in driving as fast as he was going under the existing conditions, and in not keeping his car in such control as would enable him to avoid running into anyone in the street as was the plaintiff's decedent. This action comes within the purview of § 598a of the 1931 Cumulative Supplement of the General Statutes, which provides that, in such a case as this, the deceased shall be presumed to have been in the exercise of reasonable care, and which places the burden to prove contributory negligence upon the defendant; and the jury could reasonably have reached the conclusion that the defendant did not sustain the burden of proving the plaintiff's decedent was guilty of such negligence.

There is no error.